**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| **PURDUE EMPLOYEES,** | ) | |
| **FEDERAL CREDIT UNION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **DAVID P. VAN HOUTEN,** | ) | |
| **ANNETTE VAN HOUTEN, and** | ) | |
| **BENEFICIAL OF INDIANA, INC.** | ) | |
| **d/b/a BENEFICIAL MORTGAGE** | ) | |
| **CO.,** | ) | |
| | ) | 4:08-CV-45-AS-APR |
| Defendants. | ) | |
| ****************************** | ) | |
| **DAVID P. VAN HOUTEN, and** | ) | |
| **ANNETTE VAN HOUTEN,** | ) | |
| | ) | |
| Defendants/Counter Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE EMPLOYEES,** | ) | |
| **FEDERAL CREDIT UNION,** | ) | |
| | ) | |
| Plaintiff/Counter Defendant. | ) | |

**MEMORANDUM, OPINION & ORDER**

Pursuant to Federal Rules of Civil Procedure 41(b) and 12(b)(6), Plaintiff/Counter Defendant Purdue Employees Federal Credit Union ("PEFCU") filed a motion to dismiss the counterclaim of Defendants/Counter Plaintiffs, David and Annette Van Houten ("the Van Houtens"). The Van Houtens' counterclaim alleged violations of the Fair Credit Reporting Act ("FCRA')and the Fair Debt Collection Practices Act ("FDCPA"), and they asserted a

claim of defamation. The case was removed to this Court on June 19, 2008 from the Jasper Superior Court, based on federal question jurisdiction as alleged in the counterclaim. For the reasons set forth below, PEFCU's motion to dismiss the counterclaim is **GRANTED**.

**I. Background**

This case arose out of a mortgage foreclosure filed by PEFCU against the Van Houtens in Jasper Superior Court on March 3, 2006 (Docket No. 1). In its foreclosure complaint, PEFCU alleged that it held two mortgages on the Van Houtens' property which secured two promissory notes. Id. Though the Van Houtens filed bankruptcy in April, 2004, they remained in a reaffirmation agreement with PEFCU.

On May 11, 2006, the Van Houtens, represented by counsel, filed an answer to PEFCU's complaint, and filed a counter-claim alleging that PEFCU did the following: (1) committed negligent noncompliance in violation of the FCRA; (2) committed defamation by negligently publishing false information about the Van Houtens' credit, and (3) violated the FDCPA (Docket No. 2).

On September 25, 2006, PEFCU filed a motion to dismiss the Van Houtens' counter claim for failure to state a claim upon which relief can be granted pursuant to Indiana Trial Rule 12(b)(6) (Docket No. 10.2). Specifically, PEFCU argued that the FCRA does not apply to PEFCU because it is not a "consumer reporting agency" as defined by the Act. Id. at 3. Additionally, PEFCU argued that the Van Houtens' negligent publication claim fails because the FCRA grants them qualified immunity. Id. at 5. Finally, PEFCU argued that the FDCPA

2

does not apply to them as a bank acting to collect debt on its own behalf. Id. at 4.

On or about November 21, 2006, the Jasper Superior Court held a hearing on PEFCU's motion to dismiss. At the hearing, the Van Houtens requested that the court enter findings of fact and conclusions of law within 14 days.

On December 4, 2006, PEFCU submitted its response to the request. However, that same day, PEFCU and the court received a fax stating that Annette Van Houten filed a petition under the Federal Bankruptcy Code and sought a stay of the foreclosure and counterclaim, both of which the Jasper Superior Court granted. Also, that day the Van Houtens filed a motion for extension of time to submit their proposed findings of fact. The motion was granted, though the Van Houtens never filed their findings.

Meanwhile, Annette Van Houten's bankruptcy case proceeded in the bankruptcy court, with Ms. Van Houten represented by an attorney different than the attorney who represented the Van Houtens in the instant counterclaim.[1] On October 3, 2007, in the course of the Bankruptcy case, Ms. Van Houten's attorney stated that her claim against PEFCU was "not stayed under Section 362 of the Federal Bankruptcy Code" and that Ms. Van Houten "knows of no reason that it cannot proceed to its resolution in the State court." (Bankruptcy Case 06-40434, Docket No. 63).

---

1     It should be noted that the foreclosure underlying PEFCU's original claim against the Van Houtens was incorporated into the chapter 13 plan and, thus, this Court need not address the foreclosure action in ruling on the motion to dismiss but will do so by separate order.

3

On February 6, 2008, PEFCU filed a motion to dismiss the Van Houtens' counterclaim for failure to prosecute under Indiana Trial Rule 41(e) (Docket No. 4). The Van Houtens failed to respond to this motion.

On March 4, 2008, the Van Houtens' attorney for the counter-claim against PEFCU withdrew from the case, apparently in reaction to the Van Houtens' failure to notify him of the October 3 admission made by their bankruptcy attorney (Docket No. 7).

On June 19, 2008, on the eve of a hearing in the circuit court regarding PEFCU's motion to dismiss, the Van Houtens removed their counter claim to Federal Court (Docket No. 5).

On June 27, 2008, in the interests of justice, this Court offered the Van Houtens a window of time in which they could respond to PEFCU's motion to dismiss (Docket No. 6). On July 31, 2008 the Van Houtens filed their response to the motion to dismiss, raising no legal arguments, but merely admitting or denying certain aspects of PEFCU's February 6, 2008 motion to dismiss (Docket No. 7).

On August 22, 2008, PEFCU filed its reply to the Van Houtens' response, reiterating their earlier arguments for this Court to dismiss the Van Houten's claims for failure to prosecute under Federal Rule of Civil Procedure 41(b) or, in the alternative, for this Court to dismiss the Van Houtens' claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## II. Standard of Review

According to Federal Rule of Civil Procedure 41(b), "If the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claims against it." Fed. R. Civ. P. 41(b). This Court's power under Rule 41(b) has been described as an inherent power, "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); Joseph J. Anclien, Broader is Better: The Inherent Powers of Federal Courts, 64 N.Y.U. Ann. Surv. Am. L. 37, 48 (2008). The Seventh Circuit further states that under Rule 41(b), "[t]he circumstances warranting . . . dismissal are infinitely variable, making it difficult to formulate a standard more particular than that the district judge should not act precipitately, willfully, unreasonably . . . ." Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir. 1993).

Further, under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if the complaint sets forth no viable cause of action upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); Challenger v. Ironworkers Local No. 1, 619 F.2d 645, 649 (7th Cir. 1980). In assessing the propriety of a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all factual allegations in the complaint and the inferences reasonably drawn from them as true. Jackson v. E.J. Brach Corp., 176 F.3d 971, 977 (7th Cir.1999). The Van Houtens' claims are subject to dismissal only if it is clear that they can prove no set of facts consistent with the allegations in the complaint that would entitle them to relief. Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir.1999).

5

### III. Discussion

A. Motion to Dismiss for Failure to Prosecute

Generally, when considering dismissing a case for failure to prosecute under Federal Rule of Civil Procedure 41(b), the Seventh Circuit has held that the standard for district judges to follow is "unclear." Ball, 2 F.3d at 755. However, in Ball, the court held that a district judge should not dismiss a case for failure to prosecute unless "due warning" has been given to the parties. Id. The court further stated that even though such warnings need not be formalized, they must be explicit. Id.

In the present case, there can be no doubt that, as of the filing of PEFCU's motion in Jasper Superior Court on February 26, 2008, the Van Houtens knew of the possibility that their case could be dismissed due to their failure to prosecute. Further, the procedural record in this case seems to reveal a frustrating failure on the part of the Van Houtens to efficiently move this case forward. However, this Court recognizes that this case presents a unique instance due to the late removal of the case to Federal Court in June, 2008, and due to the Van Houtens' recent status as pro se litigants (Docket No. 7 at 2).

Accordingly, this Court declines to rest its ruling upon a failure to prosecute for the following reasons: (1) this Court gave the Van Houtens no explicit warning that their case would be dismissed due to failure to prosecute, (2) it is unknown whether such notice was given at the state court level prior to removal, (3) the Van Houtens are pro se litigants, thus this Court's duty to warn them of the possibility of dismissal for failure to prosecute is more

6

pressing, and, most importantly (4) as of July 31, 2008, the Van Houtens did, in fact, respond to PEFCU's motion to dismiss. Therefore, this Court **denies** PEFCU's motion to dismiss on the basis of a failure to prosecute.

B. Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted

Pro se complaints are generally held to a less stringent standard than those drafted by an attorney. See Alvardo v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001). However, this Court notes that the complaint containing the Van Houtens' counter-claim was not filed pro se, but was in fact filed by their attorney on May 11, 2006, nearly two years before he withdrew in March, 2008 (Docket No. 2). On the other hand, the Van Houtens' response to PEFCU's motion to dismiss was filed pro se on July 31, 2008 (Docket No. 7). Thus, the decision that follows reflects the appropriate level of leniency with regard to the Van Houtens' pro se response.

    1. Negligent Noncompliance Under the Fair Credit Reporting Act

Generally the FCRA was designed to regulate the vast network of credit reporting bureaus, or consumer reporting agencies. 15 U.S.C. §1681(f). A "consumer reporting agency" is defined in the FCRA as, "any person which for monetary fees . . . regularly engages in whole or in part in the process of assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties . . . ." Id.

It is well established that banks and retailers are not consumer reporting agencies under the FCRA when they are merely providing information to consumer reporting agencies

7

based upon their own experiences with customers. See e.g., DiGianni v. Stern's, 26 F.3d 346, 348 (2d Cir. 1994); Todd v. Ass'd Credit Bureau Services, Inc., 451 F.Supp. 447, 448-49 (E.D. Pa. 1977); aff'd without opinion 578 F.2d 1376 (3d Cir. 1978); Smith v. First National Bank, 837 F.2d 1575 (11th Cir. 1988). Instead, the term "consumer reporting agency" refers to firms that are in the business of assembling and evaluating consumer credit information. DiGianni, 26 F.2d at 349. Thus, under the FCRA, only consumer reporting agencies are charged with assuring the "accuracy, confidentiality, and proper dissemination" of information about a specific individual; the FCRA does not impose obligations upon creditors who pass along information to the consumer reporting agencies. Id. at 349.

In the instant case, PEFCU is not a consumer reporting agency. According to the Van Houten's pro se response, this case arose out of a "foreclosure action by PEFCU on an outstanding mortgage held by the Van Houtens." (Docket Nos. 4 at 5; 7 at 1). Specifically, the Van Houtens brought suit against PEFCU for providing information to consumer reporting agencies based upon PEFCU's own experiences with the Van Houtens. As such, the FCRA does not apply to PEFCU in this case.

Even accepting all factual allegations in the their complaint as true, the Van Houtens have failed to state a claim under the FCRA upon which relief can be granted. Accordingly, PEFCU's motion to dismiss count one of the counterclaim is **granted**.

2. Negligent Publication of Credit Information

The second count of the Van Houtens' counterclaim also involves the FCRA. The

8

FCRA grants qualified immunity to organizations that furnish information to credit reporting agencies unless the organization reports "false information . . . with malice or willful intent to injure such consumer." 15 U.S.C. §1681(h)(e). Thus, in all instances not involving intent to injure consumers, the FCRA preempts state law defamation claims. Id.; Nwoke v. Countrywide Home Loans, Inc., 251 Fed. Appx. 363, 365 (7th Cir. 2007).

In the present case, the Van Houtens alleged that PEFCU "falsely, recklessly, and maliciously" published their credit information (Docket No. 2 at 6). Consideration of PEFCU's motion to dismiss requires this Court to examine the pleadings and accept all factual allegations in favor of the non-moving party: the Van Houtens. Thus, even though there is no supporting evidence in the record, for the limited purposes of the motion to dismiss, this Court must accept the allegation that PEFCU acted with malice in publishing false information about the Van Houtens. Accordingly, PEFCU is not entitled to qualified immunity because a furnisher of credit information who acts with malice waives their immunity from defamation claims under the FCRA.

Thus, this Court must assess the Van Houtens' defamation claim under state law. In Indiana, the plaintiff in a defamation claim must prove the following four elements: (1) communication with defamatory imputation; (2) malice; (3) publication; and (4) damages. Aafco Heating & Air Conditioning Co. v. Northwest Publications, Inc., 321 N.E.2d 580 (Ind. App. 1974).

Further, Indiana courts have long held that the precise words of the alleged

9

defamatory statement must be included in the original complaint. Shepard v. Schurz Communications, Inc., 847 N.E.2d 219, 225 (Ind. App. 2006) ("The alleged defamatory statement must be included in the complaint to aid the court in this task [of determining whether a communication is defamatory]"); Ernst v. Indiana Bell Telephone Co., 475 N.E.2d 351, 354 (Ind. App. 1985) ("[B]road generalizations, of and to themselves, are not actionable defamation."); Small v. Fisher, 28 N.E. 714 (Ind. App. 1891) ("A complaint in slander, which does not give the slanderous words spoken, but only the effect of them, is bad.").

In their complaint, the Van Houtens allege each element of a defamation claim by stating that PEFCU "falsely and maliciously" published information about them that caused them to suffer "damages to their reputation in the community." (Docket No. 2 at 6-7). However, the Van Houtens' complaint is insufficient to survive a motion to dismiss.[2] In particular, though the Van Houtens claim that they were defamed, they do not specifically identify any defamatory statements in their complaint, let alone identify any statements in their more recent response. Leaving this Court to guess the content of PEFCU's statements is not sufficient to survive a motion to dismiss. Therefore, under Indiana law, dismissal of the Van Houtens' defamation claim is proper. Accordingly, PEFCU's motion to dismiss count two of the counterclaim is **granted**.

---

2   The insufficiently pled defamation claim in the Van Houtens' original complaint was drafted the Van Houtens' former attorney, Robert Randle, in May 2006, a year and a half before he withdrew from the case on his own accord. (Docket No. 2). Thus, holding the Van Houtens' original complaint to the well settled standard enunciated by Indiana courts serves the interests of justice.

### 3. False Representation under the Fair Debt Collection Practices Act

The FDCPA was designed to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(d). Under the statute, "debt collector" is defined as "any person . . . who regularly collects or attempts to collect . . . debts owed . . . to another." 15 U.S.C. §1692a(6).

Significantly, the FDCPA does not regulate the actions of creditors attempting to collect his or her own debts. Transamerica Fin. Serv., Inc. v. Sykes, 171 F.3d 553, 554 n.1 (7th Cir. 1999) (holding that the FDCPA did apply a bank pursuing a mortgage foreclosure because it was a creditor rather than a debt collector); Aubert v. Am. Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998) (stating, "Creditors who collect in their own name and whose principal business is not debt collection, therefore, are not subject to the Act.").

Because PEFCU was acting in its capacity as the Van Houtens' creditor, rather than acting as a third party debt collector, the FDCPA does not apply to any actions they may have taken pursuant to the Van Houtens' mortgage foreclosure. Accordingly, PEFCU's motion to dismiss count three of the counterclaim is **granted**.

### IV. Conclusion

Dismissal of this case for failure to prosecute under Federal Rule of Civil Procedure 41(b) is inappropriate due to the fact that the Van Houtens were not given explicit warning of an impending dismissal and due to the Van Houtens' belated, but nonetheless present, response. Therefore, this Court does not dismiss the counterclaim on the basis of a failure to

prosecute.

However, because the Van Houtens' complaint sets forth no viable cause of action upon which relief can be granted, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6). Therefore, PEFCU's motion to dismiss the Van Houtens' counterclaim for failure to state a claim upon which relief can be granted is hereby **GRANTED**.

**SO ORDERED**.

**Date: September 24, 2008**                              /s/ ALLEN SHARP
                                                          **ALLEN SHARP, JUDGE**
                                                          **UNITED STATES DISTRICT COURT**